UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NEW YORK

| | |
|---|---|
| JORGE FLORES, | ) </br> ) </br> ) |
| Plaintiff, | ) </br> ) |
| v. | ) Civil Action No. _____ </br> ) |
| TURNING POINT SOLUTIONS, LLC; </br> SAM GALBO; and </br> DOE 1-5 | ) </br> ) </br> ) </br> ) |
| Defendants. | ) </br> ) |

**COMPLAINT**
**(Jury Trial Demanded)**

1. Plaintiff alleges violation of the Fair Debt Collection Practices Act, 15 U.S.C. 1692 et seq. ("FDCPA").

**JURISDICTION AND VENUE**

2. This Court exercises jurisdiction under 15 U.S.C. 1692k and 28 U.S.C. 1331. This District is of proper venue as Defendants are residents within this District and Defendants engaged in the activities alleged herein while so residing.

1

## PARTIES

3. Plaintiff, Jorge Flores (hereinafter "Plaintiff" or "Mr. Flores"), is a natural person residing in Oakland, California. Defendant, TURNING POINT SOLUTIONS, LLC, is a limited liability company believed to maintain its principle place of business at 2560 Walden Avenue, Suite 103 in Cheektowaga, NY. Defendant SAM GALBO is the proprietor and operator of TURNING POINT SOLUTIONS, LLC, a debt collector, and responsible for the policies and procedures of the company, including those giving rise to one or more of Plaintiff's causes of action herein.

4. Plaintiff is ignorant of the true names and capacities of the defendants sued herein as DOE 1-5, and therefore sues these defendants by such fictitious names. Plaintiff will amend this Complaint to allege the true names and capacities once ascertained. Plaintiff believes and thereon alleges that the fictitiously named defendants are responsible in some manner for the occurrences herein alleged, and that such defendants are responsible to Plaintiff for damages and/or monies owed.

5. TURNING POINT SOLUTIONS, LLC, SAM GALBO, and DOE 1-5 shall hereafter be jointly referred to as "Defendants."

6. Defendants regularly operate as third-party debt collectors and are "debt collectors" as defined by 15 U.S.C. 1692a.

## FACTUAL ALLEGATIONS

7. Defendants began contacting Mr. Flores in an attempt to collect a consumer debt allegedly owed by Mr. Flores.

8. On or about November 20, 2013, Defendants left a voice mail message for Mr. Flores, the content of which is as follows: "This message is solely intended for Jorge Flores. My name is Carolin and I'm calling from the pre-legal at TPS and associates. This call is in regards to a pressing legal matter and I'd like to offer you the opportunity to contact our office to resolve this issue voluntarily. We can be reached at the phone number 877-645-7986. When calling, reference case number 324910. Jorge, you've been formally notified."

9. On or about November 21, 2013, Defendants left a voice mail message for Mr. Flores, the content of which is as follows: "This call is in regards to file number 150620. Our client is making a final decision on how to handle this file going forward. Because we have not spoken with you, this decision may be made contrary to what you expect. Please call us back at 888-907-2080 and press extension 1 for more information to make sure no unwanted action is being taken. A return phone call is needed as soon as this message is received."

10. On or about November 26, 2013, Defendants left a voice mail message for Mr. Flores, the content of which is as follows: "This call is from TPS and associates. This call is intended to serve notice to Jorge Flores, file number 150620. Please be advised that the 24-hour stay has expired and the paperwork is being finalized by our attorney. Unfortunately what this means is that due to your non-response, you refuse to acknowledge your legal obligation. You or your attorney can contact my office by the end of today's business day. My office number is 888-907-2080, thank you and good luck."

11. Defendants failed to provide Mr. Flores with debt validation information pursuant to 15 U.S.C. 1692g.

12. Increasingly concerned about the content of Defendants' messages, Mr. Flores obtained counsel with Centennial Law Offices.

3

13. As a direct result of the collection activity herein alleged, Mr. Flores incurred legal fees of $2,355.00.

## CAUSES OF ACTION

### COUNT I

14. Plaintiff re-alleges paragraphs 1 through 13, inclusive, and by this reference incorporate the same as though fully set forth herein.  Plaintiff is informed and believes and herein alleges that Defendants, and each of them, violated 15 U.S.C. 1692g with regards to Plaintiff as follows: Defendants continued in their collection efforts after failing to send Plaintiff debt validation information within 5-days of their initial contact with Plaintiff.

### COUNT II

15. Plaintiff re-alleges paragraphs 1 through 13, inclusive, and by this reference incorporate the same as though fully set forth herein.  Plaintiff is informed and believes and herein alleges that Defendants, and each of them, violated 15 U.S.C. 1692d(6) and 1692(e)11 with regards to Plaintiff as follows: In their messages to Plaintiff, Defendants failed to state that the calls were from a collection company and being made in an attempt to collect a debt.

### COUNT III

16. Plaintiff re-alleges paragraphs 1 through 13, inclusive, and by this reference incorporate the same as though fully set forth herein.  Plaintiff is informed and believes and herein alleges that Defendants, and each of them, violated 15 U.S.C. 1692d and 1692e, with

regards to Plaintiff as follows: Defendants' statement that "the paperwork is being finalized by our attorney" was a misrepresentation.

### COUNT IV

17. Plaintiff re-alleges paragraphs 1 through 13, inclusive, and by this reference incorporate the same as though fully set forth herein. Plaintiff is informed and believes and herein alleges that Defendants, and each of them, violated 15 U.S.C. 1692f with regards to Plaintiff as follows: Defendants' statement that "the paperwork is being finalized by our attorney" was a misrepresentation.

### PRAYER FOR RELIEF

WHEREFORE, Plaintiff prays judgment against Defendants, and each of them, recovery for each cause of action in the alternative, as follows:

1.) For statutory damages in the amount of $1,000 pursuant to 15 U.S.C. 1692k(2);

2.) For actual damages of $2,355.00 for legal costs in responding to unlawful collection activity;

3.) For prejudgment interest in an amount to be proved at time of trial;

4.) For attorney's fees pursuant to 15 U.S.C. 1692(k);

4.) For the costs of this lawsuit; and

6.) For any other and further relief that the court considers proper.

### JURY DEMAND

Plaintiff demands a jury trial.

Date:  March 21, 2014

                                                s/Robert Amador

                                                _____
ROBERT AMADOR, ESQ.
Attorney for Plaintiff JORGE FLORES
Centennial Law Offices
9452 Telephone Rd. 156
Ventura, CA. 93004
(888)308-1119 ext. 11
R.Amador@centenniallawoffices.com